*325 Opinion of the Court, by
Judge Mills.
TO be relieved against a replevin bond, given by the plaintiff in error to Abraham Adams, now deceased, he filed this bill against the administrator of the decedent, alleging that he had paid the decedent $175 in money; that the decedent was indebted to him $25, for services rendered; that he also let the decedent have corn to the amount of $ 10, all which sums had not been credited on the judgment and replevin bond; but that he was credited on the replevin bond, on another account, to the amount of $50 and upwards. He further alleges that he married a daughter of the decedent, and in right of his wife was entitled to the distributable share of one-ninth of the personal estate, which was settled up by the administrator in the county court, leaving a large balance to be distributed, the one-ninth of which was more than the judgment at law and replevin bond against which he seeks to be relieved. He prayed for and obtained an injunction, and prays that he may be allowed his sets-off, as before detailed, and his share of the personal estate.
The administrator, in his answer, denies the correctness of the $175, and alleges, if it was paid by the complainant, it was in discharge of the demand for which the judgment at law was rendered, and the judgment was only rendered for the balance. He contests the charge for services, and denies there was any thing due, except for services rendered by the complainant as a committee of the decedent, who was a lunatic, and that already $58 was allowed and credited on the replevin bond. He sets out the distributable surplus in his hands, admits the relation of the complainant to the intestate, and that he is entitled to one-ninth; but he exhibits sundry notes due to the estate of the decedent by the complainant, besides the judgment at law, and alleges them to amount to more than the one-ninth of the estate, and prays that they may be set-off against it. As to the other claims, he pleads and relies on the judgment at law.
A complainant in chancery cannot assign for error, that the decree was final, without the proper parties, when it was his duty to bring them before the court.
The court below referred the accounts to a commissioner, who took into consideration all the mutual charges of the parties, and made a report of the correct balance. This report was excepted to by the complainant, because some items were not allowed in his favor, which he alleged ought to have been allowed and that some were allowed to the administrator which ought to have been rejected. The court overruled the exceptions, except as to one item allowed to the administrator, which the court below struck from the report. This left the balance in favor of the complainant, of a few cents, as that court decided, for which the court perpetuated the injunction, and decreed that each party should bear their own costs. To reverse this decree, this writ of error with supersedeas is prosecuted, and errors are assigned as to every step taken in the court below.
There is some proof that the $175 was paid by the complainant; but it is shown to be money belonging to the decedent, for a crop of tobacco sold by him for the decedent. It is contended that the judgment at law was for the same tobacco. We are not favored with the proceedings at law, to see what the judgment was for, nor does it appear that it was used on the exceptions to the report in the court below. Besides, the commissioner reports that he had examined the proceedings at law, and that the complainant had asserted there, all his claims, before the judgment. Some witnesses testify that they were present at the trial at law, and did not hear that item given in evidence; but it might, for any thing that appears, have been credited, if the judgment at law is for the same tobacco; and if it was not for the same demand, it is evident that the complainant could not be entitled to it at all.
As to the demand for services, they are fully satisfied, from any thing appearing in the cause, by the credit on the replevin bond.
It is contended that the charge for corn ought to be allowed, because it is not denied or noticed by the answer of the administrator. It is true, parts of a bill not answered, may frequently be taken as true; but this rule only applies to cases where the matter charged must rest in the knowledge of the defendant; and in this case the administrator cannot be presumed to know *327 any thing of the matter, and there is no proof to support that claim.
It is contended that the claim of the administrator, independent of the judgment at law, consists of notes executed not only by the complainant, but by one or more besides as his securities, and that on account of their being a demand due from two or more, they cannot be set-off. These notes appear to bear one date, and are made payable, on their face, to the administrator, as such, and bear evidence that they were executed by the complainant for personal estate sold by the administrator and purchased by the complainant, as the administrator alleges. If they had been given by other purchasers, they would have been a fair payment to the complainant, of his distributable share, if assigned by the administrator. They ought not to be less current with him, because they are his own notes. Although it is generally true, that a demand at law must be due in the same right, to be set-off, and joint debts cannot be set-off against a separate and several demand ; yet, in equity, as between an administrator and distributee, we can perceive no principle that would forbid the administrator to set-off the same kind of notes which the distributee would be compelled to take, if given by others. The securities in these notes, as surrendering them to the principal discharged them, and the notes are thereby extinguished, can have no right to complain. If the complainant had alleged or proved that he was not the principal, but only a security in these notes, as he would have the right of recovery against the principals, in case he discharged them, it would have been proper to have made them parties, that they might have been bound by the record. Upon the whole, therefore, we see no just grounds for disturbing the account taken in the court below.
It is, however, contended that the court below made a mistake in settling the account on its own principles, and that as the court decided there was a balance due the defendant of only $232 61, and the judgment at law, as reported by the commissioner, is $288 46, of course the injunction ought to have been made perpetual for the sum of $55 and 85 cents, instead of 99 cents. On the first hasty view of this record, we were inclined to think that this error was well founded; but, on a *328 more minute inspection, we discover that there is no thing in it. The weight of the exception rests on the supposition that the amount of the replevin bond, really due, is $288 46, when in truth that is the amount of the replevin bond without regard to the credit endorsed. The true amount due on the replevin bond, after the credit, with its interest, is deducted, is only $226 54 cents. This must be counted as the real judgment, on which the injunction could operate, and 99 cents more of this sum is enjoined, leaving the defendant to recover by his judgment only $225 and 55 cents, about seven dollars less than decided by the court to be really due to him; which places the mistake on the other side.
It is contended that the court erred in not decreeing costs in favor of the plaintiff in error. To this it may be replied, that the complainant below failed to establish any demands against the defendant, except the credit already endorsed and the distributive share of his wife; so that his bill turns out in fact to be one against an administrator, to compel distribution, and the administrator had not been in default, and was not guilty of withholding the estate, on a proper demand. Unjust would be the rule that would charge an administrator with costs, unless he refused distribution or had mismanaged the estate. Of course, the complainant cannot complain of this part of the decree.
Something is said about the want of proper parties to the controversy. This does not lie in the mouth of the complainant, who had the right of making all necessary parties to the bill. However proper it might have been, to have brought all the distributees before the court, to have settled the estate; yet, as the complainant has got his share decreed, and the rest cannot be concluded by a decree to which they were not parties, and the administrator does not complain of it, the complainant cannot assign for error his own wrongful acts.
The decree must, therefore, be affirmed with costs and damages upon the damages given in the court below on the dissolution of the injunction.